CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 10 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT CLARK, | ) | CASE NO. 7:17CV00011 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Vincent Clark, a Virginia inmate proceeding pro se, has filed this action, seeking to appeal a state court order that denied his motion for modification of his term of confinement. The court initially docketed the submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After further review of the petition, however, the court concludes that it is not a habeas petition and must be summarily dismissed for lack of jurisdiction.[1]

Clark's submissions indicate that he filed a motion in the Amherst County Circuit Court for modification of the sentences previously imposed on him by that court, to run such sentences concurrently or to otherwise adjust his release date. The Court denied his motion by order dated December 20, 2016. Nothing in the record indicates that Clark has noted an appeal of the Court's order.[2]

In his current submission to this court, Clark seeks to appeal the Amherst court's order, which he presents as an attachment to his petition. (See ECF No. 1-1.) Clark contends that he is entitled to appear for a hearing to argue in favor of a sentence adjustment for two reasons: (1) the

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2] The court notes that a litigant generally has thirty days to note an appeal from a Virginia trial court judgment or other appealable order. See, e.g., Sup. Ct. Rule 5A:6(a).

court should apply a local court "[NUNC PRO TUNC] RULE" and (2) Clark allegedly meets the governor's requirements for a sentence modification hearing because he has served "more than enough" of the lengthy, consecutive sentences imposed on him for nonviolent offenses. Accordingly, Clark asks this court to set his case for a hearing.

From these allegations, the court concludes that Clark has filed his petition in the wrong court system. Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and then, potentially, with the United States Supreme Court. Plyler, 129 F.3d at 731; 28 U.S.C. § 1257. Therefore, to the extent that Clark seeks direct appellate review by this court of the Amherst County Circuit Court's order denying his motion for a sentence modification, this action must be summarily dismissed without prejudice, as this court has no jurisdiction to conduct the review Clark seeks. An appropriate order will enter this day.

This court does have jurisdiction to review the fact or length of an inmate's confinement under a state court judgment through habeas corpus review pursuant to 28 U.S.C. § 2254. Plyler, 129 F.3d at 732. To warrant relief under § 2254, however, Clark must demonstrate that he is confined in violation of the Constitution or laws of the United States, see § 2254(a), and that he has exhausted state court remedies as to his habeas claims, see § 2254(b). Clark fails to state facts in satisfaction of either of these requirements. Accordingly, the court declines to address his current petition as one seeking habeas corpus relief under § 2254 and dismisses it without prejudice. See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition

2

must be dismissed without prejudice if petitioner has not presented the claims to the appropriate state court and could still do so). Dismissal of the action without prejudice leaves Clark free to file a new and separate § 2254 petition, provided that he satisfies the noted requirements.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ___10th___ day of January, 2017.

_____
Chief United States District Judge